UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROLAND R. HICKS | : | |
| | : | PRISONER |
| v. | : Case No. 3:08CV1022(AHN) | |
| | : | |
| CAROLYN A. SABOL, WARDEN | : | |

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, currently confined at FMC Devens, is serving concurrent state and federal sentences. He filed this petition pursuant to 28 U.S.C. § 2254, challenging a detainer lodged by the state court. The existence of the detainer has rendered petitioner unqualified for early release on his federal sentence. After careful review, the court concludes that the petition should be dismissed without prejudice.

The Supreme Court recognizes two general categories of prisoner cases: challenges to conditions of confinement and challenges to the fact or duration of confinement. See McCarthy v. Bronson, 500 U.S. 136, 140 (1991). The Supreme Court suggests that both challenges may be brought in a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. §

2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

Petitioner states that he entered a guilty plea and has not filed a direct appeal or any other petition challenging his conviction. Pet., ¶¶ 8, 10. Following each of his four grounds for relief, petitioner states that he did not raise the issue through direct appeal or collateral attack. He does state that he exhausted his administrative remedies and refers the court to attached documents indicating that he raised his concerns to prison officials. Section 2254's exhaustion requirement, however, requires that petitioner's claims be presented to the highest state court. See Galdamez, 394 F.3d 73-74.

The Second Circuit has entertained habeas corpus petitions by federal prisoners challenging the conditions of confinement under federal sentences. See Thompson v. Choinski, 525 F.3d 205 (2d Cir. 2008); Boudin v. Thomas, 732 F.2d 1107, 1111 (2d Cir. 1984). The Second Circuit has not yet extended this ability to persons in state custody. See Calderon v. Choinski, No. 3:04cv1475(JCH), 2006 WL 2472954, at *3 n.3 (D. Conn. Aug. 25,

2

2006). This court need not determine whether petitioner should be permitted to challenge conditions of confinement in state custody in a federal habeas action. Even if the claims were permitted, petitioner has not exhausted his state court remedies before filing this action.[1] See Preiser, 411 U.S. at 499 (holding that habeas corpus claim challenging restrictive housing conditions is subject to requirement of exhaustion of state remedies); Calderon, 2006 WL 2472954, at *3 n.3 (noting that prisoner must first seek relief in state court).

In conclusion, this action is **DISMISSED** without prejudice to refiling after petitioner exhausts his state court remedies.

**SO ORDERED** this __14th_ day of July 2008, at Bridgeport, Connecticut.

/s/
Alan H. Nevas
United States District Court

---

[1] In addition, the first three grounds for relief relate to conditions of confinement that petitioner experienced while incarcerated in Connecticut correctional facilities as a pretrial detainee. Petitioner has filed a federal civil rights action including these claims, Hicks v. Sieminski, et al., 3:08cv1012 (MRK), seeking damages and other unspecified relief. Although petitioner might be able to obtain injunctive relief on the first three claims in this action, such relief is not warranted as he no longer is confined in a Connecticut correctional facility as a pretrial detainee.